UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC.,
and JOHNNY LONG,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No.  8:04-cv-1165-T-24 MAP

CSM PROPERTIES PARTNERSHIP,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Application for Attorney's Fees, Expert Fees, and Costs (Doc. No. 19).  Defendant opposes this motion.  (Doc. No. 22).

This case involves a suit under Title III of the ADA against the owner, lessor, lessee, or operator of property located in Clearwater, Florida.  The parties entered into a settlement agreement, in which they agree that Plaintiffs are entitled to attorneys fees, expert fees, and costs; however, they cannot agree as to the appropriate amount.  In their motion, Plaintiffs request the following award: $7,308 in attorneys' fees, $2,035 in expert fees, and $204.37 in costs.  Accordingly, the Court will address each component of the requested award.

**I.  Attorney's Fees**

In order to determine the appropriate amount for an award of attorney's fees, the Court must determine the reasonable hourly rate and the reasonable number of hours spent working on the case.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  ACLU of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999)(quoting Cullens v. Dep't. of Transportation, 29 F.3d 1489, 1494 (11th Cir. 1994)).  "If a fee applicant desires to recover non-local rates . . . he must show a lack of attorneys practicing in [the place that the case was filed] who are willing and able to handle his claims."  Id. (citations omitted).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  Norman, 836 F.2d at 1299 (citation omitted).  "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."  Id. (citation omitted).  Instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."  Id.  Additionally, a district court is entitled to "'consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment . . . as to value.'"  Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiffs request an award of $7,308 in attorneys' fees based on a rate of $290 per hour. The attorneys' fees were generated by two successive firms: Whitelock & Associates, P.A. ("Whitelock") billed 6.7 hours at a rate of $290 per hour, generating $1,943 in attorney's fees.[1] Todd W. Shulby, P.A. ("Shulby") billed 18.5 hours at a rate of $290 per hour, generating $5,365 in attorney's fees.

---

[1]Todd Shulby previously worked for Whitelock.

Todd Shulby has been licensed to practice in Florida since 1995. Todd Shulby has litigated over 300 Title III actions, and he has conducted ten trials in federal court. Plaintiffs contend that $290 per hour is a reasonable rate for both Shulby and Whitelock. Plaintiffs cite cases from the Southern District of Florida in which Shulby has been awarded attorney's fees at a rate of $290 per hour.

Defendant argues that $290 per hour is not a reasonable rate, and instead, the rate should be reduced to $50 per hour. While the Court agrees that Shulby and Whitelock's hour rate should be reduced, the Court does not believe that their rates should be reduced to $50 per hour. Instead, the Court finds that a rate of $250 per hour is reasonable.[2]

Next, the Court must determine the reasonable number of hours spent working on this case. Defendant contends that Whitelock's billings are duplicative of Shulby's, and as such, the Court should exclude Whitelock's hours. Upon review of the Whitelock's and Shulby's billing statements (Doc. No. 19, Ex. 1 & 2), the Court agrees that there is some duplication.

This case was filed on May 20, 2004. Whitelock billed for drafting the complaint and researching the property information in November of 2002, and Shulby billed for the same in May of 2004. Both Shulby and Whitelock did not separately bill for each task, and as such, it is unclear as to exactly how much time they spent drafting the complaint and researching the property information. Whitelock billed three hours for these tasks, and Shulby billed two hours

---

[2]Judge Moody has recently found that $250 is a reasonable hourly rate for Shulby and Whitelock. See Access for the Disabled v. BDBP, Ltd., 8:04-cv-834-T-30-MAP (M.D. Fla. June 24, 2005); Access for the Disabled v. Pupello Investments, Ltd., 8:04-cv-838-T-30-TGW (M.D. Fla. June 21, 2005).

for these tasks.³  However, the Court notes that Plaintiffs' complaint is quite similar to the complaints filed by Shulby in these types of cases, except for the paragraph identifying the defendant and the specific ADA violations.  As such, the Court finds that the hours billed for drafting the complaint and researching the property information are both duplicative and excessive.  As such, the Court will reduce Whitelock's hours by 1.5 hours and Shulby's hours by 1 hour for these tasks .  Accordingly, the Court finds that they should be awarded attorney's fees as follows: Whitelock shall be awarded $1,300 in attorney's fees (5.2 hours x $250/hr), and Shulby shall be awarded $4,375 in attorney's fees (17.5 hours x $250/hr).

## II.  Expert Fees

Plaintiffs request an award of $2,035 in expert fees, based on eleven hours of work at a rate of $185 per hour.  (Doc. No. 19, Ex. 3).  The Court, however, finds that the expert's hourly rate is excessive.

Plaintiff's expert, Thomas Ricci (of Accessibility Disability Consultants), has been used in other Title III cases before this Court.  This Court has previously reduced this expert's hourly rate⁴, and upon review the expert's curriculum vitae (Doc. No. 19, Ex. 14), this Court finds that $150 per hour is a reasonable hourly rate for this expert under the circumstances.  As such, the

---

[3] Since Shulby and Whitelock have inappropriately lumped different tasks together when calculating their time, the Court will presume that all of the time lumped together consisted of drafting the complaint and researching the property information.  In the future, they should separately bill for each task.

[4] Judge Moody has recently reduced this expert's hourly rate to $150 per hour.  See Access for the Disabled v. BDBP, Ltd., 8:04-cv-834-T-30-MAP (M.D. Fla. June 24, 2005); Access for the Disabled v. Pupello Investments, Ltd., 8:04-cv-838-T-30-TGW (M.D. Fla. June 21, 2005).

Court finds that Plaintiffs should be awarded $1,650 in expert fees (11 hours x $150/hr).

### III.  Costs

Plaintiffs request an award of $204.37 in costs.  (Doc. No. 19, Ex. 2).  Defendant has not specifically objected to these costs, and the Court finds that these costs are reasonable.  As such, the Court awards Plaintiffs $204.37 in costs.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Application for Attorney's Fees, Expert Fees, and Costs (Doc. No. 19) is **GRANTED** to the extent that Plaintiffs are awarded attorney's fees, expert fees, and costs, as follows:

  (a) Defendant shall pay Whitelock & Associates, P.A. $1,300 in attorney's fees;

  (b) Defendant shall pay Todd W. Shulby, P.A. $4,375 in attorney's fees and $204.37 in costs; and

  (c) Defendant shall pay Accessibility Disability Consultants, Inc. $1,650 in expert fees.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record